SOMERS LUMBER COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT, RESPONDENT.

Argued January 21, 1931—Decided February 5, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Cole & Cole.*

For the respondent, *William A. Stevens,* attorney-general, and *John Solan.*

PER CURIAM.

Prosecutor is a corporation organized under the laws of New Jersey, with its principal office in Atlantic City. Its total capital is $500,000, all issued and outstanding, of which $260,000 is invested in manufacturing and the remaining $240,000 is invested in the business of dealing in building materials.

Upon such a return being made to the respondent for the year 1929 that body assessed the prosecutor upon $240,000 of its capital stock, not employed in manufacturing, claiming authority for so doing under "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884. *Pamph. L.* 1884, *p.* 232, amended *Pamph. L.* 1891, *p.* 150, and *Pamph. L.* 1892, *p.* 136.

The controversy is limited to this, that the respondent insists that under the statute the assessment is justified and the prosecutor, with equal assurance, asserts that inasmuch

as more than fifty per cent. of its capital stock is invested in a manufacturing enterprise carried on within this state its entire capital stock is exempt from tax under such statutes.

The history of the legislation relied upon to support the assessment is as follows:

*Pamph. L.* 1884, *p.* 232, entitled, "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof." by its fourth section, after providing for the taxing of certain specified classes of corporations, provided "that all other corporations incorporated under the laws of this state, and not hereinbefore provided for, shall pay a yearly license fee * * * on the amount of the capital and stock of such corporation; provided, that this act shall not apply to * * * *manufacturing companies or mining companies carrying on business in this state."*

This act was construed, in this court, in *Evening Journal Association and Jersey City Printing Co.* v. *State Board of Assessors et al.,* 47 *N. J. L.* 36. It was there said: "It is true that the act of 1884 imposes the tax by way of a license for exercising corporate franchises, but the tax is laid with respect to the capital stock of such corporations and for the privilege of doing business in this state, and in the classification of corporations in the statute, with a view of taxation or exemption from taxation, the business to which the capital of a corporation is applied must be regarded."

The Evening Journal Association stated its object in its certificate of incorporation to be the printing and publishing of a newspaper, and jobbing, printing and publishing, but prior to the levying of the tax, then in question, had limited its business entirely to printing and publishing a newspaper so that at the time of the levy its entire capital was employed in that particular business. It was held that printing and publishing a newspaper was not manufacturing and therefore the assessment and tax were affirmed.

In the case of the Jersey City Printing Company its certificate of incorporation stated the object of its incorporation to be to conduct and prosecute the business of book printing and job printing, engraving, electrotyping and lithographing

and, from the facts, the court found that it was so engaged at the time of the imposition of the tax, and holding that such a pursuit was manufacturing, the corporation was exempt under the statute and the tax and levy were set aside.

This case decided in 1885 was followed in 1888, the statute remaining the same, by *Press Printing Co.* v. *State Board,* 51 *N. J. L.* 75, the same justice delivering the opinion as in the prior cited case. Here the objects for which the Press Printing Company was formed, as set forth in its certificate of incorporation, were, the printing and publishing of a newspaper or newspapers, and the business of printing, publishing and selling books, blank books and stationery and the general business of job printing. After reference to the former case *Evening Journal Association* v. *State Board,* *supra,* the court held that "the prosecutor is a manufacturing company within the exemption so far as concerns its business of printing and publishing books and general job printing, but it is not such a company, within the meaning of the statute with respect to its business of printing and publishing a newspaper. In one sense the prosecutor is a manufacturing company; in another sense it is not; and it cannot claim exemption under the statute on business which is not within the proviso on the ground that part of its capital is employed in a business which falls within the proviso."

The court then found, from the facts before it, "that the two branches of the prosecutor's business are kept intact and that of its capital"—a certain definite amount was invested and used in the newspaper department and another, fixed amount, in the other department and thereupon held that the portion of its capital invested and employed outside of the printing and publishing of a newspaper was exempt under the statute and the assessment and tax, to that extent, was reduced.

In 1891 (*Pamph. L.* 1891, *p.* 150) the act of 1884, *supra,* was amended. We are here concerned only with the proviso contained in section 4, which, by the amendment, was then made to read as follows: "Provided, that this act shall not apply to * * * *manufacturing or mining corporations at*

*least fifty per centum of whose capital stock  \* \* \*  in-vested in mining or manufacturing carried on within this state;* if any manufacturing or mining company carrying on its business in this state shall have less than fifty per centum of its capital stock  \* \* \*  invested in business carried on within this state such company shall pay the tax herein provided for companies not carrying on business in this state, but shall be entitled, in the computation of such tax, to a deduction from the amount of its capital stock of the assessed value of its real and personal estate so used in manufacturing or mining."

In view of the construction placed upon the original act of 1884, *supra,* by this court, in the cases referred to, the legislative purpose intended to be expressed by this amend-ment seems perfectly plain and to us that purpose is that whenever a corporation of this state has one-half or more of its issued and outstanding capital actually invested and employed in manufacturing carried on in this state, its whole capital stock (and not that alone employed in manufacturing) is exempt from tax under the statute And this seems to be given added force from what was said to be the purpose of the exemption in *Press Printing Co.* v. *Board, supra:* "In this scheme of taxation, the obvious purpose was to exempt from this species of tax capital invested in the manufacturing or mining business in this state."

The respondent argues that the mischief in the original act of 1884 sought to be remedied by the amendment of 1891 was "that manufacturing corporations were likely to gain exemption from the tax merely because they carried on busi-ness in this state, although the great portion of their manu-facturing was done outside the state."

The cases in this court already referred to, and they are the only ones brought to our attention, do not go in this direc-tion. In the one case one of the corporations had none of its capital employed in manufacturing in this state and its whole capital was held subject to taxation and the other com-pany had all of its capital invested in manufacturing enter-prises and it was held to be entirely exempt.

In the other case a portion of the capital of the company, more than fifty per cent. was devoted to a non-manufacturing purpose and the remainder in such a pursuit and that portion so used, alone, was held exempt from the tax. It seems to us the legislative intent was to encourage the employment of capital of corporations of the state in manufacturing and mining carried on in this state and the purpose of the amendment of 1891 was to make this plain and, fully exempt, the whole capital of such a corporation where fifty per cent. or more was actually so employed.

The act of 1884, *supra,* was further amended in 1892 (*Pamph. L.* 1892, *p.* 136), but the proviso in section 4, except for a slight variation in language, in nowise controlling or useful in its construction upon the point here involved, remains the same as in the amendment of 1891, *supra.*

We conclude that the entire capital stock of the prosecutor is exempt from taxation under the statute and therefore the assessment and tax are set aside.